**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00196 |
| GREENVILLE BETHANY CORNER, LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Columbia Mutual Insurance Company files this Complaint for Declaratory Judgment against Defendant Greenville Bethany Corner, LLC and respectfully shows as follows:

**I.
PARTIES**

1.    Plaintiff Columbia Mutual Insurance Company ("Columbia") is a Missouri corporation with its principal place of business in Columbia, Missouri.

2.    Defendant Greenville Bethany Corner, LLC ("Greenville") is a Texas limited liability corporation with its principal place of business in Dallas, Texas, and may be served with process through its registered agent, Vicki Thornton Redden, at 10300 North Central Expressway Suite 325, Dallas, Texas 75231. Based on the publicly available information, Greenville has two members, Kashani Family Trust and Parichehr Kashani, and both members are citizens of California. Greenville has no members who are citizens of Missouri.

**II.
JURISDICTION AND VENUE**

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and § 2201, *et seq*.  This is a dispute between a Missouri corporation with its principal place of business

in Missouri and a Texas corporation with its principal place of business in Texas, whose members are citizens of California. Thus, there is complete diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 minimum jurisdictional limits of this Court.

4.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Texas because Greenville conducts business in this District, the property that forms the basis of this action is located in this District and a substantial part of the events giving rise to this action occurred in this District.

### III.
### FACTUAL BACKGROUND

**A.     THE POLICIES AND PROPERTY**

5.     This is an insurance coverage dispute under five annual commercial insurance policies issued by Columbia for the policy periods from July 6, 2013 to July 6, 2018 (the "Policies"). Subject to their terms and conditions, the Policies provide coverage for a commercial property owned by Greenville and located at 801 S. Greenville Avenue in Allen, Texas (the "Property"). The Property is a one-story commercial building used as a retail shopping center. The Policies provide coverage subject to stated building limits and windstorm/hail deductibles.

6.     The Property is over thirty years old and has an asphalt built-up roof system, which appears to date from the original construction. Since at least 2014, the roof has experienced leaks due to a faulty roof installation and deferred maintenance and has been periodically repaired but never fully replaced. The Property also has three metal hip roofs that are located above the primary built-up roof system for aesthetic reasons.

**B.     A HISTORY OF CLAIMS BASED ON THE ROOF'S POOR CONDITION**

7.     Beginning on January 27, 2015, Greenville made four separate claims under the Policies for purported damage to the Property from storms on April 3, 2014, March 23, 2016, April

11, 2016 and April 21, 2017. Columbia investigated each of these claims, including inspections and analysis by adjusters and roofing experts. As part of each investigation, Columbia requested information about the claimed damage from each storm, but Greenville failed to provide any information identifying the claimed damage from each storm or distinguishing the claimed damage from the Property's condition due to age, wear and tear, deterioration and faulty construction and maintenance.

8.      Each of Columbia's investigations determined that there is no covered damage to the Property. Despite Greenville's failure to cooperate and provide the information requested, Columbia's investigations determined that the roof's condition and related water intrusion are not due to storm damage. Rather, the Property's condition is due to age, wear and tear, deterioration, and a deficient roof installation, poor roof repairs and deferred maintenance. Separate inspections and laboratory analysis of roof samples confirmed that there is no storm damage to the primary roof. Further, minor denting on the metal hip roofs does not constitute covered damage. After conducting reasonable investigations, Columbia advised Greenville of its coverage and payment determinations for each of the claims relating to the four alleged dates of loss.

## C.    THE FINAL CLAIM

9.      On March 28, 2019, Greenville represented that the Property's condition was entirely caused by an April 6, 2018 storm. Columbia proceeded with a new investigation for the April 6, 2018 alleged date of loss. As part of its investigation, Columbia again requested specific information about the claimed damage from an April 6, 2018 storm, repairs and maintenance of the Property and communications with tenants and contractors regarding roof leaks and repairs. Greenville did not provide the requested information.

10.     On April 22, 2019, Columbia again inspected the Property. The inspection identified no damage to the Property from an April 6, 2018 storm, and confirmed that the Property's condition was largely unchanged since the prior inspections. Based on Columbia's investigation, there is no covered damage to the Property and the roof's condition is due to wear and tear, shrinking, deterioration and/or poor installation and maintenance. After conducting a reasonable investigation of the new insurance claim, Columbia advised Greenville that no payment would be issued for the Property's condition.

11.     Despite the lack of damage from an April 6, 2018 storm, Columbia attempted to work with Greenville to nevertheless explore a compromise. However, Greenville disputes Columbia's coverage determination under the Policies and seeks payment in excess of $500,000.00. Having ignored the roof's poor condition for years and claiming damage from five separate storms, Greenville argues that Columbia should pay for a new roof and multiple repairs and improvements to the Property under any one of the insurance claims filed under the Policies.

**IV.**
**CLAIM FOR DECLARATORY RELIEF**

12.     The Parties dispute coverage under the Policies and not the extent of damage to the Property. Pursuant to 28 U.S.C. § 2201, Columbia seeks a judicial declaration that the Policies, individually and in total, do not provide coverage for the Property's condition and claimed damage. The Policies specify as follows:

**SECTION I-PROPERTY**

**A. Coverage**

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

**3. Covered Causes of Loss**

Risk of direct physical loss unless the loss is:
**a.** Excluded in Paragraph B. Exclusions in Section I; or
**b.** Limited in Paragraph 4. Limitations in Section I.

**4. Limitations**

**a.** We will not pay for loss of or damage to:

\* \* \*

**(5)** The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

\* \* \*

The Property's condition and claimed damage were not caused by nor resulted from a "Covered Cause of Loss." The Property's condition and related water intrusion are due to a deficient roof installation, age, deterioration and/or faulty maintenance or repairs. Accordingly, the Policies do not provide coverage for the Property's condition and claimed damage.

13.    The Policies also provide as follows:

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss or event results in widespread damage or affects a substantial area.

\* \* \*

**a. Ordinance Or Law**

**(1)** The enforcement of any ordinance or law:

**(a)** Regulating the construction, use or repair of any property; or
**(b)** Requiring the tearing down of any property, including the cost of removing its debris.

**(2)** This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)** An ordinance or law that is enforced even if the property has not been damaged; or

**(b)** The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property or removal of its debris, following a physical loss to that property.

\* \* \*

2.  We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

**k.  Neglect**

Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**l.  Other Types of Loss**

**(1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\* \* \*

**(4)** Settling, cracking, shrinking, expansion or contraction;

\* \* \*

**p.  Continuous Or Repeated Seepage Or Leakage Of Water**

Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\* \* \*

3.  We will not pay for loss or damage caused by or resulting from any of the following paragraphs a. through c.  But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\* \* \*

---

### c. Negligent Work

Faulty, inadequate or defective:

\* \* \*

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

of part or all of any property on or off the described premises.

\* \* \*

These exclusions bar coverage for the Property's condition and claimed damage. The Property's condition and claimed water intrusion are due to a deficient roof installation, age, deterioration and/or faulty maintenance or repairs.

14.     Moreover, the Policies include the following exclusions applicable to roofs:

We do not cover cosmetic loss or damage to roof coverings caused by the peril of hail.

Cosmetic loss or damage means only that damage that alters the physical appearance of the roof covering but does not result in damage that allows the penetration of water through the roof covering or does not result in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

We do cover hail damage to roof covering that results in damage that will allow the penetration of water through the roof covering or that results in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

Roof covering means the roofing material exposed to the weather, the underlayments applied for moisture protection, and all flashings required in the replacement of a roof covering.

\* \* \*

**B.** The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.**:

---

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

**C.** For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

* * *

These exclusions bar coverage for cosmetic damage to the Property's metal canopy roofs. The roofs are not leaking or failing to protect the Property's interiors due to wind or hail damage.

15.     Further, the Policies provide, in relevant part, as follows:

**4.  Policy Period, Coverage Territory**

Under Section I-Property:

**a.**  We cover loss or damage commencing:

(1) During the policy period shown in the Declarations; and

* * *

Therefore, the Policies do not provide coverage for any claimed damage that commenced outside the applicable coverage periods. Similarly, the fortuity/known loss doctrine bars coverage for known losses and losses in progress. The Property's condition is due to age, wear and tear, deterioration and deficient roof repairs and deferred maintenance, and has been a long-term and ongoing problem since before the Policies' coverage periods.

16.     Additionally, the Policies provide as follows:

**3.  Duties In The Event Of Loss or Damage**

**a.**  You must see that the following are done in the event of loss or damage to Covered Property:

* * *

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved. . .

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. This will not increase the Limit of Insurance of Section I - Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damage property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request.  We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

\* \* \*

Greenville did not provide prompt notice of the alleged damage from the various storms, including the April 6, 2018 storm, and has failed to provide any information distinguishing the claimed damage from each storm. Greenville also did not provide the information requested by Columbia and failed to protect the Property from damage over the years. Greenville's late notice, failure to cooperate and failure to protect the Property prejudiced Columbia's ability to investigate and evaluate the Property's condition and claimed damage. The Policies' coverage is inapplicable based on Greenville's failure to comply with its obligations under the Policies.

## V.
## CONCLUSION AND PRAYER

Based on the foregoing, Columbia respectfully asks the Court for judgment in its favor as follows:

a.   Declaring that the Policies do not provide coverage for the Property's condition and all claimed damage and losses;

b.   Declaring that Greenville is not entitled to payment under the Policies for the Property's condition and all claimed damage and losses;

c.   Declaring that Greenville prejudiced Columbia by failing to provide prompt notice of the claimed damage from five alleged storms, failing to cooperate with Columbia's investigations and failing to protect the Property and, consequently, that the Policies' coverage is inapplicable;

d.   Declaring that Columbia has no duty to pay Greenville any amounts under the Policies; and

e.   For such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully submitted,

By: */s/ Omar Galicia*
Omar Galicia
State Bar No. 24012667
omarg@tbmmlaw.com
Leo John Jordan
State Bar No. 11014700
leojordan@tbmmlaw.com
Michael A. Hewitt
State Bar No. 24092510
michaelh@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)

**ATTORNEYS FOR PLAINTIFF COLUMBIA MUTUAL INSURANCE COMPANY**